Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARA SALOME OTERO RODRÍGUEZ, YOMAR ADIEL ARROYO OTERO, YOMDIEL ANDRÉS ARROYO OTERO Y OTROS<br><br>RECURRIDOS<br><br>V.<br><br>CORPORACIÓN AGRÍCOLA BARROS, INC. ASEGURADORA A, ASEGURADORA B Y OTROS<br><br>PETICIONARIOS | TA2026CE00223 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Orocovis<br><br>Civil Núm.: OR2024CV00315<br><br>Sobre:<br><br>DAÑOS POR VICIOS DE CONSTRUCCIÓN |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### RESOLUCION

En San Juan, Puerto Rico, a 20 de marzo de 2026.

Comparece ante nos la Corporación Agrícola Barros, Inc. (en adelante, "la Corporación" o "peticionaria") y solicita nuestra intervención para que dejemos sin efecto la *Resolución* emitida y notificada el 23 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Orocovis. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la *Moción en Solicitud de Reconsideración a Desestimación de Causa de Acción*, presentada por la Corporación, dentro de un pleito civil incoado por Mara Salomé Otero Rodríguez (en adelante, "Otero Rodríguez"), por sí y en representación de sus hijos menores de edad Yomar Adiel Arroyo Otero, Yomdiel Andrés Arroyo Otero y Noraymd Calia Salomé Rivera Otero; y Raymond Francisco José Rivera Rivera (en adelante, "Rivera Rivera"), en lo sucesivo, en conjunto, "los recurridos".

Por los fundamentos que exponemos a continuación, *denegamos* la expedición de auto de *certiorari* presentado.

**I.**

El 4 de noviembre de 2024, los recurridos presentaron una *Demanda*[1] sobre daños y perjuicios por vicios de construcción y ruina en contra de la Corporación. Alegaron que esta construyó inadecuadamente una estructura residencial y un pozo séptico, sin cumplir con los parámetros requeridos, previo a venderle la propiedad a Otero Rodríguez. Arguyeron que, además, la Corporación realizó movimientos de terreno en la finca que colinda con la propiedad de Rivera Rivera, sin tener los permisos para ello. Ante tales hechos, los recurridos solicitaron la construcción de un nuevo pozo séptico. Además, solicitaron una suma por daños sufridos, pérdidas económicas, daños emocionales, más el pago de costas, gastos y honorarios de abogado.

Por su parte, el 13 de febrero de 2025, la Corporación presentó una *Moción en Solicitud de Desestimación de Causa de Acción.*[2] En síntesis, alegó que los recurridos pretenden realizar una acumulación de dos litigios distintos dentro de una misma causa de acción. Sostuvo que no existe una relación o dependencia entre las reclamaciones y que la naturaleza de las causas no permite que se unan en un mismo litigio.

El 16 de marzo de 2025, los recurridos presentaron una *Moción Oposición a la Desestimación*[3] mediante la cual sostuvieron que la solicitud de desestimación antes presentada no cumple con la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Arguyeron que las Reglas de Procedimiento Civil, *supra*, permiten la acumulación en una demanda de todas las reclamaciones independientes o alternativas que tenga un demandante contra la parte adversa, estén o no relacionadas entre sí. Asimismo, indicaron que Otero Rodríguez y Rivera Rivera residen en la misma propiedad, por lo que comparten alegaciones, y que son padres de la menor sobre la cual también reclaman daños.[4]

---

[1] Entrada Núm. 1 del Sistema Unificado de Administración y Manejo de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[2] Entrada Núm. 11 del SUMAC TPI.
[3] Entrada Núm. 15 del SUMAC TPI.
[4] El 23 de marzo de 2025, la Corporación presentó una *Moción en Réplica a Oposición a Desestimación* (Entrada Núm. 17 del SUMAC TPI) en la que reiteró sus argumentos previamente vertidos.

Posteriormente, el 3 de noviembre de 2025[5], el foro primario emitió una *Resolución Interlocutoria*[6] a través de la cual declaró *No Ha Lugar* la desestimación solicitada por la Corporación y ordenó la continuación de los procedimientos.

En desacuerdo, el 24 de diciembre de 2025, la Corporación presentó una *Moción en Solicitud de Reconsideración a Desestimación de Causa de Acción*[7]. Arguyó que la mencionada *Resolución* no expuso determinaciones de hechos pertinentes ni conclusiones de derecho materiales. Reiteró sus argumentos en cuanto a que no se deben permitir dos reclamaciones distintas en un mismo litigio.

El 23 de enero de 2026, el foro primario emitió y notificó la *Resolución Interlocutoria*[8] que hoy nos ocupa. A través de esta, declaró *No Ha Lugar* la solicitud de reconsideración promovida por la Corporación.

Inconforme, el 21 de febrero de 2026, la parte peticionaria acudió ante esta Curia mediante el recurso de *certiorari*[9] y esbozó el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al emitir una Resolución Interlocutoria declarando No Ha Lugar la solicitud de Reconsideración a la petición de desestimación presentada por la parte demandada-recurrente, y con ello permitiendo a la parte demandante incluir en una misma demanda dos causas de acción total y diametralmente distintas, fundamentadas en causas de acción distintas, (para una causa de acción alega vicios de construcción de una vivienda y en la otra causa de acción alega daños por movimientos de tierra), sin que haya identidad de partes pues los predios pertenecen a personas distintas, sobre bienes inmuebles ubicados en lugares distintos, sin que de forma o manera alguna cuenten ni siquiera con un entronque común que permita diversas reclamaciones por su naturaleza y similitud puedan ser litigadas en un mismo litigio.

El 23 de febrero de 2026[10], esta Curia emitió una *Resolución*, mediante la cual le ordenamos a la parte recurrida que presentara su alegato en oposición. En cumplimiento de ello, el 10 de marzo de 2026, la parte recurrida presentó su *Oposición a Expedición de Recurso de Certiorari*.[11]

---

[5] Notificada el 9 de diciembre de 2025.
[6] Entrada Núm. 22 del SUMAC TPI.
[7] Entrada Núm. 25 del SUMAC TPI.
[8] Entrada Núm. 26 del SUMAC TPI.
[9] Entrada Núm. 1 del Sistema Unificado de Administración y Manejo de Casos del Tribunal de Apelaciones (SUMAC TA).
[10] Notificada el día siguiente.
[11] Entrada Núm. 5 del SUMAC TA.

En síntesis, planteó que Rivera Rivera tiene alegaciones de daños que son comunes a sus hijos y su compañera consensual, Otero Rodríguez, por lo que existe un entronque común entre las alegaciones. Sostuvo que separar las reclamaciones de Rivera Rivera causaría que este se encuentre sujeto a dos pleitos distintos, provocando una duplicidad de procedimientos innecesaria. Además, arguyó que la Regla 18 de Procedimiento Civil, 32 LPRA Ap. V, R. 18, establece que la acumulación indebida de partes no constituye motivo para desestimar un pleito.

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco doctrinal a la controversia que hoy nos ocupa.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-

63, 215 DPR ____ (2025), delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co*., 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Los peticionarios recurren de una determinación interlocutoria por medio de la cual el foro primario declaró *No Ha Lugar* su *Moción en Solicitud de Reconsideración a Desestimación de Causa de Acción.* Tras una revisión de la totalidad del expediente, concluimos denegar la expedición del auto de *certiorari* presentado.

La expedición de un recurso de *certiorari* es de naturaleza discrecional. La Regla 40 del Tribunal de Apelaciones, *supra,* orienta la facultad discrecional que le asiste a este Tribunal. En vista de lo anterior, al examinar los criterios recogidos en la precitada Regla, determinamos denegar la expedición del recurso de epígrafe. La *Resolución* recurrida no es contraria a derecho y no proviene de una apreciación parcializada, prejuiciosa o que exhiba error manifiesto.

Es necesario puntualizar que, al denegar el auto de *certiorari* presentado, no estamos prejuzgando los méritos de los reclamos entablados. Únicamente declinamos intervenir en el asunto que hoy se nos solicita revisar.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del recurso presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones